## WORTHY *v.* THE COMMISSIONERS.

1. Where a party claims below wholly in virtue of the laws of a State and the highest court of the State decides that under these laws the claimant has no case, no writ of error lies here under the 25th section.
2. Allegations by counsel here, and attempts to show that the plaintiff's right under the Constitution of the United States, has been infringed by the decision, do not help the case, if the right has not been specially set up in the court below and there decided against.

ON motion to dismiss, the case was this:

Section 3 of the 14th amendment to the Constitution ordains that no person shall hold office under any State, who having previously taken an oath as an executive officer of any State to support the Constitution of the United States, has engaged in rebellion against the same, or given aid and comfort to the enemies thereof; and a statute of North Carolina enacts that no one disqualified under that amendment should hold office in North Carolina.*

These provisions being in force, it appeared that Worthy, the plaintiff in error, having received a majority of the votes cast at an election of sheriff, held in Moore County, North Carolina, presented his bond to the defendants in error, who were commissioners of the county, and offered to qualify under the law of the State. A majority of the commissioners refused to receive his bond or permit him to qualify as sheriff, on the ground that he had been sheriff of the county before the rebellion; that the office of sheriff was an executive office; that Worthy, as former sheriff, had. taken an oath to support the Constitution and had afterwards aided in the rebellion, and that he was thus disabled from holding the office by the already mentioned 14th amendment, and was, moreover, prohibited, because of that disability, by an act of the legislature of North Carolina, from qualifying under that act, and from holding office in that State.

Worthy thereupon filed his petition in one of the State

---

* Acts of 1868, chapter i, § 8.

courts of North Carolina, for a mandamus against the commissioners. His petition set forth that the laws of North Carolina created the office of sheriff; that it provided a particular mode of election; that by such mode he was duly elected; that it was necessary to give a certain bond, and that he was ready to give the bond, and was therefore entitled. But he did not claim or set up in any way any title, right, privilege, or exemption, under any clause of the Constitution, or under any statute or treaty of the United States, or commission held under them.

The decision of the county commissioners, rejecting him, was affirmed by the judgment of the Supreme Court of the State, and thereupon he took this writ of error, conceiving the case to fall within the 25th section of the Judiciary Act, which gives this court a right to review the judgments of the highest State courts, in certain cases, including those—

Where the validity of a statute or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, is drawn in question, and the decision is in favor of such their validity; or—

" Where is drawn in question the construction of any clause of the Constitution, or of a treaty, or statute of, or commission held under, the United States, and the decision is against the title, right, privilege, or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute, or commission."

*Mr. Boyce* now moved to dismiss the writ for want of jurisdiction, on the ground that the plaintiff in error had not set up below any claim under the Constitution, laws, or authority of the United States, but on the contrary had claimed exclusively under the law of North Carolina.

*Mr. Scheffer, contra :*

The 1st section of the 14th amendment of the Constitution of the United States, declares* that, " No State shall make

---

* Article xiv, § 1.

or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

The Supreme Court of North Carolina has decided that a sheriff is an executive officer, and that the right to hold office by a person formerly a sheriff, and afterwards engaged in rebellion, is taken away by the 3d section of the 14th amendment. This is an assault upon an immunity and privilege granted to us by the 1st section of that same amendment. We have a right to know how far the guaranty of the 1st section extends; to complain at Washington that it has been insufficiently administered at Raleigh. Cases involving rights that are *protected* by the Constitution, come within the appellate jurisdiction of the Supreme Court, no matter whence the rights may spring.

The CHIEF JUSTICE delivered the opinion of the court.

It is manifest that this court has no jurisdiction of the present cause. There was no decision by the Supreme Court of North Carolina against the validity of any treaty or act of Congress, or authority exercised under the United States; nor in favor of the validity of a statute of, or authority exercised under a State, and alleged to be repugnant to the Constitution, treaties, or laws of the United States.

It is true that, in the brief of the counsel for the plaintiff, it is urged that the right of the plaintiff is protected by the 1st section of the 14th amendment; but this right does not appear to have been set up, or specially claimed in the State court; and this is essential to jurisdiction here.

We have no authority, therefore, to examine the question presented by the record; but must allow the motion of the defendants in error, and dismiss the cause for

WANT OF JURISDICTION.